IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN COLLIER, AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF RUTHIE COLLIER,<br>PLAINTIFF,<br><br>vs.<br><br>AMERICAN GREETINGS CORP.,<br><br>DEFENDANT. | Civil Action Number 10-CV-625-JHP-FHM |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED PLEADING**

Kevin Collier, as the representative of the estate of Ruthie Collier and on behalf of all others similarly situated, moves for leave of Court under FED. R. CIV. P. 15 to file the amended complaint attached as **Exhibit 1**. American Greetings opposes this motion.

1. **PROCEDURAL HISTORY.**

The Collier Estate filed this action on October 1, 2010. It then agreed to multiple requests by American Greetings for extensions of time to answer. American Greetings answered during February of 2011. The parties exchanged briefs on American Greetings' motion for summary judgment between April and June of 2011. This case was then stayed during July 2011 at the parties' request. The stay effectively ended during December 2011 when the settlement negotiations concluded.

There has been no formal discovery conducted in the case and the Collier Estate has not previously amended its original complaint.

2. **LEGAL STANDARD.**

Leave of court to amend a pleading is governed by FED. R. CIV. P. 15. Rule 15(a)(2) provides, in part, that "the court should freely give leave when justice so requires." The grant or denial of leave to amend is within the discretion of the trial court. *Foman v. Davis*, 371 U.S.

178, 183 (1962). Such discretion, however, is limited by Rule 15(a)'s directive that "leave shall be freely given when justice so requires." *See Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir. 1981).

A motion for leave to amend can be made at any stage of litigation, and if no prejudice is found, leave will normally be granted. Wright & Miller, Federal Practice § 1484. In fact, leave to amend has been granted at some of the latest stages in litigation, including following discovery, following a pretrial conference, at a hearing on a motion to dismiss or motion for summary judgment, after a motion to dismiss has been granted, when the case is on the trial calendar and a hearing is already set, at the beginning, end, and close of trial, after entry of judgment, and even on appeal. *See* Wright & Miller, Federal Practice § 1488, at n.3-12.

Rule 15(a) complements one of the underlying policies of the Federal Rules, that pleadings are only a means to facilitate a decision on the merits rather than on mere technicalities. *See Foman,* 371 U.S. at 182; *Dussouy,* 660 F.2d at 598; Wright & Miller, Federal Practice § 1473. Rule 15(a) provides for a liberal amendment policy which is limited by consideration of judicial economy and fairness to the non-movant. *Nance v. Gulf Oil Corp.,* 817 F.2d 1176, 1180 (5th Cir. 1987).

Amendments to pleadings should be liberally allowed in order to achieve the ends of justice. *Gillespie* v. *U.S. Steele Corp.,* 379 U.S. 148, 158 (1964). The underlying policy of FED. R. CIV. P. 15(a) is to freely allow amendments unless the rights of an adverse party would be unduly prejudiced, and this policy is certainly the strongest where the motion challenged is the party's first motion to amend. *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981).

3. **ARGUMENT FOR LEAVE TO AMEND.**

3.1. **The amended complaint is timely and appropriate**.

This case has effectively been active during only five months since it was filed in October of 2010. The remainder of the time elapsed under extensions of time for American Greetings to file its answer and during the repeated stays while the parties conducted settlement negotiations.

The parties had lengthy discussions about virtually every aspect of this case during the several months it was stayed. The Collier Estate, eager to speed this case to a final resolution, has taken affirmative steps to placate certain objections and issues raised by American Greetings. For example, the request for intervention by the Estate of Richard Wolfe—which was opposed by American Greetings—has been withdrawn.

The amended complaint should quell other matters as well. The basis of American Greetings' motion for summary judgment is that Oklahoma law does not apply because Ruthie Collier lived in Arkansas when American Greetings bought the secret policy insuring her life. The Collier Estate has been generally indifferent to the choice of law issue because the laws of Arkansas and Oklahoma are virtually identical on the material issues—meaning that the law of the forum applies. To put the matter to rest, the amended complaint continues to assert as its primary claim a "no insurable interest" count under Oklahoma law. But in the alternative, it also asserts a "no insurable interest" count under Arkansas law and graphically demonstrates the similarity between the states' laws. Adding the alternative claim under Arkansas law likely moots the motion for summary judgment. And if not, it certainly streamlines the Court's analysis and solidifies the issues for resolution.

Next, the original complaint sought the certification of a plaintiff class comprised of estates located in Alaska, Arizona, Hawaii, Louisiana, Montana, Nevada, New Mexico,

Oklahoma, South Dakota, Texas, Washington and Wyoming. American Greetings opposed the requested class, arguing that numerosity could not be satisfied for class certification purposes because the putative class would include only fourteen members. [Dkt. No. 42, pp. 3-4]. The amended complaint streamlines the putative class by limiting it to estates located only in Oklahoma and Arkansas—the two states with which Ruthie Collier had contact. The Collier Estate also believes the amended class definition will moot American Greetings' protests about numerosity.

Finally, the amended complaint asserts two additional alternative claims. The first is that American Greetings misappropriated its employees' names, identities and personal information to buy the secret policies on their lives. This cause of action has been expressly recognized and approved by the Tenth Circuit and this Court in cases involving the same kind of insurance at issue here—sometimes written on the same policy form used to insure Ruthie Collier's life. *See, e.g. Tillman v. Camelot Music, Inc.* 408 F.3d 1300, 1309 n. 9 (10th Cir. 2005); *Lewis v. Wal-Mart Stores, Inc.*, 02-CV-0944, slip op. at pp. 40-43 (N.D. Okla. Dec. 1, 2005); *Havenstrite v. Hartford Life Ins. Co.*, 08-CV-410, slip op. at pp. 5-7 (N.D. Okla. Dec. 31, 2008).[1] The other alternative claim asserts that American Greetings owed a fiduciary duty to safeguard employees' names, identities and private information and breached that duty when it used the information to benefit itself through the secret policies. Both of these additional claims flow from the same conduct alleged in the original complaint—American Greetings' purchased of the policies and receipt of benefits from the deaths of covered employees and former employees.

---

[1] Judge Eagan's opinion and order from the *Lewis* case is attached to the Collier Estate's summary judgment response as exhibit 2 [Dkt. No. 18]. Judge Frizzell's opinion and order from the *Havenstrite* case is attached to this motion as **Exhibit 2**.

3.2. **Leave is requested in good faith and an amendment will not prejudice American Greetings**.

Unless there is a substantial reason to deny leave to amend, the discretion of the trial court is not broad enough to permit denial. *Dussouy*, 660 F.2d at 598. Factors which may justify denial of a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Foman*, 371 U.S. at 182. A trial court may also consider judicial economy and the most expedient way to dispose of the merits of the litigation when considering a motion for leave to amend. *Dussouy*, 660 F.2d at 598. In the absence of any of the reasons which might justify denial of a motion for leave to amend, leave to amend should be freely given. *Foman*, 371 U.S. at 182.

None of the reasons to deny leave are present here. The amended complaint is obviously not for undue delay, bad faith or a dilatory motive. No discovery has yet occurred and much of the amended complaint's substance is intended to streamline the litigation for a prompt resolution. Likewise, there have been no repeated failures to cure deficiencies by amendments previously allowed because the Collier Estate has not yet amended its complaint. The amendments will not be futile because as described above, the amendments to the proposed class definition are in response to American Greetings' objection and the misappropriation cause of action has been repeatedly recognized in cases virtually identical to this one. Finally, American Greetings will suffer no prejudice from an amendment intended to address or moot many of the issues American Greetings itself raised.

4. **PRAYER.**

Kevin Collier, as the representative of the estate of Ruthie Collier, asks the Court to grant leave permitting him to file the amended complaint attached as **Exhibit 1**.

Respectfully submitted,

**TAYLOR, BURRAGE, FOSTER, MALLETT, DOWNS & RAMSEY**

Stratton Taylor, OBA # 101042
Sean Burrage, OBA # 15078
400 West Fourth Street
P.O. Box 309
Claremore, Oklahoma 74018
Telephone: (918) 343-4100
Facsimile: (918) 343-4900

**MCCLANAHAN • MYERS • ESPEY, L.L.P.**

By:_____/s/ Michael D. Myers_________
Michael D. Myers, OBA # 21927
Robert H. Espey, II
3355 West Alabama, Suite 210
Houston, Texas 77098
Telephone: (713) 223-2005
Facsimile: (713) 223-3664

**ATTORNEYS FOR THE PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the above and foregoing document through the Court's electronic filing system to:

David L. Bryant
Craig A. Fitzgerald
GableGotwals
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103-4217
Telephone: (918) 595-4800
Facsimile: (918) 595-4990

DATED this 18th day of January 2012.

/s/ Michael D. Myers
Michael D. Myers

**CERTIFICATE OF CONFERENCE**

Christopher Loeber, counsel for American Greetings, was provided a copy of the proposed, amended complaint and informed counsel for the Estate of Ruthie Collier that American Greetings was opposed to this motion for leave to file that amended complaint.

DATED this 18th day of January 2012.

/s/ Michael D. Myers___________________
Michael D. Myers